Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000273
14-AUG-2013
09:29 AM

NO. CAAP-12-0000273

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
INDIRA D. LOPEZ RUIZ, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NOS. 1P111-03535 AND 1P111-03536)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Defendant-Appellant Indira D. Lopez Ruiz appeals from
the "Notice of Entry of Judgment And/Or Order" entered March 23,
2012 in the District Court of the First Circuit[1] (district court)
convicting her of two counts of assault in the third degree.
Ruiz contends the district court erred in denying her oral motion
to dismiss due to insufficiency in the arraignment, in denying
her motion to dismiss in the interest of justice, in determining
that she was guilty, and in not staying her sentence pending
appeal.

Plaintiff-Appellee State of Hawai'i (State) in its
answering brief points out the record of this case seems to
reflect that there may have been a violation of Ruiz's right to
testify pursuant to Tachibana v. State, 79 Hawai'i 226, 900 P.2d

---

[1] The Honorable Blake T. Okimoto presided.

1293 (1995). In <u>Tachibana</u>, the Hawai'i Supreme Court recognized that "[t]he decision to testify is ultimately committed to a defendant's own discretion." 79 Hawai'i at 232, 900 P.2d at 1299 (internal quotation marks and brackets omitted). The supreme court recognized that "a defendant's personal constitutional right to testify truthfully in his [or her] own behalf may not be waived by counsel as a matter of trial strategy," and "may be relinquished only by the defendant." <u>Id.</u> (citations and internal quotation marks omitted). The supreme court held that, "in order to protect the right to testify under the Hawai'i Constitution, trial courts must advise criminal defendants of their right to testify and must obtain an on-the-record waiver of that right in every case in which the defendant does not testify." <u>Id.</u> at 236 & n.7, 900 P.2d at 1303 & n.7 (footnote omitted).

In this case, the following exchange occurred prior to trial:

> THE COURT: All right. Ms. Ruiz, at this point it is my duty to inform you and advise you as to your right against self[-]incrimination. That means that you -- a decision as to whether or not you're going to testify at trial is solely your decision, not your counsel, and you have a constitutional right not to testify and the court will not take any negative inferences if you choose to exercise your constitutional right. I will at the appropriate moment re-advise you of your constitutional right against self-incrimination. Do you understand?
>
> [RUIZ]: Yes, I do. And I appreciate you interpreting that for me because it has not been respected in other cases.

However, the following exchange occurred after the State rested:

> THE COURT: . . . The State having rested, [defense counsel], does the defense have any witnesses?
>
> [DEFENSE COUNSEL]: Your Honor, after conferring with [Ruiz], she has decided to maintain her right against – her right to silence and will not be taking the stand.
>
> THE COURT: Very well.

During sentencing, Ruiz said: "I can't testify and put myself through victimization over and over again. If you want me to testify, because you didn't hear my side of the story, can I have a chance to do that? I mean, you already passed a verdict that's inappropriate[.]"

Although the trial court informed Ruiz that she had a right to testify before trial, and Ruiz acknowledged that she understood that she had this right, the district court neither asked nor received an answer from Ruiz whether she herself would waive her right to testify. Following the conclusion of the State's case-in-chief, the district court merely accepted defense counsel's representation that Ruiz decided to maintain her right to silence without asking Ruiz herself whether she was waiving her right to testify.

It cannot be determined whether Ruiz herself voluntarily, knowingly, and intelligently waived her constitutional right to testify, or whether her defense counsel waived his client's right to testify "as a matter of trial strategy." See Tachibana, 79 Hawai'i at 232, 900 P.2d at 1299. The district court's failure to obtain an on-the-record waiver of Ruiz's right to testify from Ruiz herself constituted a violation of that right, and such violation is not harmless. See id. at 240, 900 P.2d at 1307 ("Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt."); State v. Hoang, 94 Hawai'i 271, 278, 12 P.3d 371, 378 (App. 2000) (holding that, although "the court did make [defendant] aware of his right to testify[,]" a defense counsel's "interposition" that effectively "preempted a waiver directly from [defendant]" cannot constitute a knowing, voluntary, and intelligent waiver of the defendant's constitutional right to testify, and that such error is not harmless beyond a reasonable doubt). The State concedes Ruiz's conviction must be vacated in this case and makes no attempt to

3

prove the violation of Ruiz's right to testify was harmless beyond a reasonable doubt.

Ruiz asserts there was insufficient evidence to support her conviction because testimony of the two Complaining Witnesses (CW 1 and CW 2) conflicted with each other.

> The standard of review for sufficiency of the evidence is well established; namely, whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Sufficient evidence to support a prima facie case requires substantial evidence as to every material element of the offense charged. Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact.

State v. Grace, 107 Hawai'i 133, 139, 111 P.3d 28, 34 (App. 2005) (block quote format changed) (quoting State v. Ferrer, 95 Hawai'i 409, 422, 23 P.3d 744, 757 (App. 2001)).

CW 2 testified that she was struck twice by Ruiz, and that both strikes caused her pain. CW 1 testified that Ruiz struck her twice, which caused her pain and her nose to bleed. Honolulu Police Department Officer Sandstrom's (Sandstrom) testimony corroborated the injuries that CW 1 sustained. Sandstrom also observed injuries to the "right temple area" of CW 2's forehead, which corroborates CW 2's testimony with regard to where she was struck with at least the first punch. There is certainly substantial evidence in the record to support the trial court's conviction.

With regard to Ruiz's asserted defenses of self-defense and protection of property, the district court found that there was no defense of property in light of both CW 1 and CW 2's testimony about what happened during the incident, and there "is no issue of self defense inasmuch as the [trial] court f[ound] that [Ruiz] was the aggressor." Additionally, the district court found both CW 1 and CW 2's testimony credible, and their

testimonies did not reflect that Ruiz assaulted them because Ruiz was trying to prevent them from taking her scarf, or, as Sandstrom testified, that anyone intended to deprive Ruiz of her scarf.  See also generally Hawaii Revised Statutes § 703-306 (1993) ("Use of force for the protection of property.").

Therefore,

IT IS HEREBY ORDERED that the "Notice of Entry of Judgment And/Or Order" entered March 23, 2012 in the District Court of the First Circuit is vacated and this case is remanded for a new trial.  Ruiz's other points on appeal are moot.

DATED:  Honolulu, Hawai'i, August 14, 2013.

On the briefs:

Glenn D. Choy
for Defendant-Appellant.

Brandon H. Ito
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5